ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH ANDREW MOLLICK,<br><br>    Defendant. | No. 21-CR-00452-VC<br><br>UNITED STATES SENTENCING MEMORANDUM<br><br>Sentencing Date:  May 24, 2023<br>Time:  1:00 p.m.<br>Judge:  Hon. Vince Chhabria |

## I.     INTRODUCTION

The United States respectfully requests that this Court sentence the defendant to 78 months in custody, which is in accordance with the plea agreement filed on January 9, 2023, and at the low end of the range associated with the Guidelines calculation set forth below.  The government also requests that his sentence be followed by five years of supervised release.  The plea agreement resolves a case in which the defendant, Joseph Andrew Mollick, was indicted on November 16, 2021, and charged with one count of Possession of Child Pornography, a felony, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  (Dkt. 21).  The defendant pled guilty pursuant to a plea agreement on January 9, 2023. The Defendant will appear before the Court for sentencing on May 24, 2023, at 1:00pm.

## II.     FACTUAL BACKGROUND

On or about August 30, 2019, the defendant knowingly possessed matters that he knew contained visual depictions of minors engaged in sexually explicit conduct. The defendant knew that each visual depiction contained in the matters was of minors engaged in sexually explicit conduct, and that the production of such visual depictions involved the use of a minor in sexually explicit conduct. The visual depictions had been transported using any means of interstate commerce, including by computer.

Specifically, on or about August 30, 2019, the defendant, using a computer, uploaded an image onto Kik media platform, using the handle, "buckminster1," that depicted a prepubescent female wearing a red shirt being vaginally penetrated by the penis of an adult male wearing a grey shirt. The defendant knew that the aforementioned image was a prepubescent minor, and that its production involved the use of a prepubescent minor engaging in sexually explicit conduct.

In addition to the conduct described above, the defendant knowingly possessed at least 2000 images and videos depicting minors engaged in sexually explicit conduct on his personal laptop computer. One video, for example, titled: "Ninas (35) Bad Dad Anal Beads and Cum.mp4," was approximately 5 minutes and 38 seconds in length, and depicted a prepubescent girl with her vagina and anus showing. An adult male is seen inserting anal beads into the girl's anus. The male is seen removing the anal beads and is subsequently seen with his erect penis over the girl's vagina and ejaculates onto it.

## III.     DEFENDANT'S GUIDELINE CALCULATION

As set forth in the Plea Agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

    a.    Base Offense Level, U.S.S.G. § 2G2.2(a)(1):    18

    b.    Specific offense characteristics under U.S.S.G. Ch. 2
        § 2G2.2(b)(2) - Material involved a prepubescent minor or a minor who had not attained the age of 12 years    +2

        § 2G2.2(b)(4) – Offense involved material that portrays sadistic or masochist conduct or other depictions of violence.    +4

        § 2G2.2(b)(6) - Offense involved the use of a computer or interactive computer service for the possession of materials    +2

        § 2G2.2(b)(7) – Offense involved at least 600 images or more    +5

    c.    Acceptance of Responsibility:    - 3
        If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

    d.    Adjusted Offense Level:    28

### IV. **LEGAL STANDARD**

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.  SENTENCING RECOMMENDATION

The government recommends a sentence of 78 months. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing based on the sentencing factors set forth under 18 U.S.C. § 3553(a).

In accordance with the sentencing factors, the government believes that the 78-month recommended sentence reflects the seriousness of the offense, while also considering the nature and characteristics of the offense, and the history and characteristics of the defendant. The defendant is a medical professional who has been employed throughout various medical facilities in the Bay Area. PSR ¶¶ 112-119. Additionally, as noted in the PSR, the defendant has had "a good childhood free from abuse, neglect, and violence." PSR. ¶ 148. The defendant has no criminal history and poses a low risk of recidivism, as noted in the PSR. The recommended sentence takes into consideration the defendant's background and history, while also considering the nature and characteristics of the offense.

In this case, the defendant was indicted for Possession of Child Pornography—a serious offense. As outlined in the PSR, the defendant stated that he would save images of "younger subjects" because they were "hard to come by." PSR ¶ 100.  The defendant's own words corroborate the facts in this case. The defendant had in his possession at least 2,000 images and videos depicting minors engaged in sexually explicit conduct at his disposal. Furthermore, he uploaded onto Kik an image of a prepubescent girl being vaginally penetrated. While considering the history and characteristics of the defendant, and the nature and characteristics of the offense, the government argues that the 78-month sentence is appropriate. The recommended sentence reflects the seriousness of the offense as the defendant distributed, and was in possession of, countless images and videos depicting minors engaged in sexually explicit conduct.

The government anticipates that defense will ask this Court to sentence the defendant to probation. The government believes that a sentence of probation does not reflect the seriousness of the offense, promote respect for the law, nor provide a just punishment or afford adequate deterrence. The

4
UNITED STATES SUPPLEMENTAL SENTENCING MEMORANDUM
3:21-CR-00452-VC

defendant's conduct had a determinantal impact on numerous victims in this case. *See* PSR ¶¶ 25-51. The defendant collected thousands of images and videos of minors engaging in sexually explicit conduct and distributed an image of a prepubescent girl being vaginally penetrated. The defendant's conduct is a revictimization of the minors involved in the 2,000 images and videos he possessed. A 78-month sentence is a just punishment considering the conduct and circumstances in this case and promotes respect for the law.

Thus, for the reasons stated above, and in accordance with the sentencing factors outlined in 18 U.S.C. § 3553(a), the government believes that a 78-month sentence is appropriate.

## VI. **RESTITUTION**

The government requests that the Court set a date for a hearing on restitution. Pursuant to 18 U.S.C. § 3664(d)(5), undersigned counsel informs the Court that the victim's losses are not ascertainable 10 days prior to sentencing, and requests that the Court set a date for the final determination of the claims within 90 days of the sentencing hearing if the parties are unable to reach a stipulated resolution.

## VII. **CONCLUSION**

With full consideration, the Government recommends that the Court impose a sentence of 78 months in prison, followed by five years of supervised release, a $100 special assessment fee, restitution, as determined by this court, a $5,000 mandatory special assessment pursuant to 18 U.S.C. § 3014, and mandatory special assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED: May 17, 2023

          Respectfully submitted,

          ISMAIL J. RAMSEY
          United States Attorney

          /s/ *Kenneth Chambers*
          KENNETH CHAMBERS
          Assistant United States Attorney